```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LUIS BRAVO,                                 :
                                            :
                            Movant,         :
                                            :        1:22-cv-7393-GHW
            -v -                            :        1:18-cr-0283-GHW
                                            :
UNITED STATES OF AMERICA,                   :            ORDER
                                            :
                            Respondent.  :
------------------------------------------------------------ :X

GREGORY H. WOODS, United States District Judge:

Luis Bravo, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

he was denied a fair and speedy trial in his federal criminal case, *United States v. Bravo*, No. 18-CR-

0283 (GHW) (S.D.N.Y. June 7, 2021).  For the following reasons, the Court construes the amended

complaint as a motion under 28 U.S.C. § 2255 and directs Bravo to show cause, by filing a

declaration within 60 days of the date of this order, why this application should not be denied as

time-barred.

## BACKGROUND

The following information is taken from the amended complaint and court records.  On

September 23, 2019, Bravo was arrested as a fugitive in the Dominican Republican.  After a ten-day

detention, during which he was "subjected to life threatening viruses and bacteria,"[1] Bravo was

extradited to New York to face criminal charges. (ECF 2, at 4.)  On April 11, 2019, Bravo was

_____

[1] Bravo has a pending civil action before the Court concerning the conditions of his
confinement during his ten-day detention in the  Dominican Republic and after he returned to
New York. *See Bravo v. Garland*, No. 22-cv-6736 (GHW) (S.D.N.Y. filed Aug. 8, 2022).

indicted on charges of mail fraud, wire fraud, and bank fraud that occurred from November 2012 to July 2017. *See United States v. Bravo*, ECF 1:18-CR-0283, 2 (S.D.N.Y. Apr. 11, 2019).

At Bravo's arraignment, the Government proffered that it was unable to identify the person who participated in the fraud by depositing checks in a bank and that Bravo would need to wait until discovery for the person to be identified.  However, before discovery could proceed, the COVID-19 pandemic began, causing delays in Bravo's criminal proceedings.  Bravo claims that the COVID-19 pandemic forced the court to close and he was "locked out of the courthouse until he was forced to take a guilty plea **1 YEAR AND 10 MONTHS AND 8 DAYS LATER** in clear violation of his 6th Amendment right to a fair and speedy trial. (ECF 2, at 2 (emphasis in the original).)  He also alleges that he was not allowed to have phone or video conferences, as provided under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), which further violated his Sixth Amendment rights.

Bravo asserts that because the COVID-19 pandemic made it "impossible for normal court operations to continue," he was unable to have in-person meetings with his defense counsel, inspect the Government's evidence properly, or fully prepare for trial. (ECF 2, at 4.)  Because of the issues presented by the pandemic and his deteriorating health, Bravo decided to accept the Government's plea offer.  On June 2, 2021, Bravo pleaded guilty to wire fraud, and he was sentenced to time served and three years of supervised release. *Bravo*, ECF 1:18-CR-0283, 53.

Bravo brings this action asserting that his rights to a fair and speedy trial were violated. He seeks to "dismiss with prejudice [his] criminal conviction." (ECF 2, at 12.)

## DISCUSSION

**A.    Designation of Amended Complaint as Motion Under 28 U.S.C. § 2255**

Bravo's Section 1983 amended complaint must be construed as a motion for relief under 28 U.S.C. § 2255 because he seeks to vacate his federal criminal conviction.  *See Jiminian v. Nash*, 245

F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence").  If Bravo does not want to pursue relief under Section 2255, he may notify the Court in writing within sixty days that he wishes to withdraw the application.  *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*).  Bravo should note that a criminal defendant generally has only one opportunity within the limitations period for a full adjudication of his claims in a Section 2255 motion.  If Bravo does not inform the Court of his intent within sixty days, the amended complaint will remain designated as a motion under 28 U.S.C. § 2255.

## B.    Applicable Statute of Limitations

In addition, the Court also directs Bravo to show cause why the motion should not be denied as time-barred.  A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates:  (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Bravo's judgment of conviction was filed on June 2, 2021, and entered on June 7, 2021.  As he did not appeal, his conviction became final on June 21, 2021, 14 days after the judgment was entered.  *See* Fed. R. App. Pro. 4(b)(1) (allowing 14 days to file notice of appeal from judgment of conviction); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." ).  Bravo filed this action on August 28, 2022, more than one year and two months after his judgment became final, and after the one-year limitations period expired.

If Bravo chooses to pursue relief in this Section 2255 motion, he is directed to show cause within sixty days why this application should not be denied as time-barred. Bravo should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for Section 2255 motions).

## CONCLUSION

Bravo's amended complaint is construed as a motion under 28 U.S.C. § 2255. Within sixty days of the date of this order, Bravo must either notify the Court in writing if he wishes to withdraw the motion, or, if Bravo chooses not to withdraw his motion, file a declaration showing cause why the motion should not be dismissed as time-barred. For Bravo's convenience, a declaration form is attached to this order. If Bravo files a declaration within the time allowed, the Court will review it, and if proper, order that the motion be served on Respondent. If Bravo fails to comply with this order, and cannot show good cause to excuse such failure, the motion will be denied as time-barred. No answer will be required at this time.

Because Bravo has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     September 2, 2022
           New York, New York

_____
GREGORY H. WOODS
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

Signature

_____
Name

Prison Identification # (if incarcerated)

_____
Address

City

State

Zip Code

_____
Telephone Number (if available)

E-mail Address (if available)